GLADNEY, Judge.
The plaintiffs, Utah Carl Autry and his wife, Maverine Autry, were fare-paying passengers in a taxi cab operated by the Yellow Cab Company of Shreveport, Inc., which on April 22, 1960, was involved in a collision on Fairfield Avenue in Shreveport, Louisiana. Initially the suit was instituted against the cab company, and against John H. Dehan, Rubye Dehan, and Lumbermen’s Mutual Casualty Company, the insurer of the Dehans. The action by Autry was not only for damages for personal injuries and medical expenses incurred by him and his wife but also involved a claim for prenatal injuries to his minor child, Carol Autry. After trial, judgment was rendered relieving the Dehans and their insurer from any-liability and a separate judgment rejecting plaintiffs’ demands against these defendants-was signed on April 10, 1962. Later judgment was rendered in favor of Utah Carl' Autry in the sum of $280.30 for medical expenses incurred in the treatment of his-wife and also an award was made in favor of Maverine Autry in the sum of $1,500.00’ against the Yellow Cab Company of Shreveport, Inc. An appeal was perfected, by these plaintiffs from the judgment rendered on August 6, 1964. Therefore, the-sole defendant remaining in the suit is Yellow Cab Company of Shreveport, Inc.,, which has neither appealed nor answered the appeal taken on behalf of plaintiffs. In: consequence of these proceedings the only-issues presented on the appeal are with re-pect to:
(1) An increase of the award of $1,500.00’ made in favor of Mrs. Autry;
(2) An increase in the allowance of medical expenses for Utah Carl Autry; and
(3) As to an allowance of damages for injury to the minor child, Carol Autry.
Autry argues that the award for medical' expenses should be increased to the sum-of $615.30 for expenses already incurred and $500.00 should be awarded for future-expenses to be incurred in behalf of Mrs. Autry. It is further urged that the award' in favor of Mrs. Autry should be increased from $1,500.00 to $20,000.00, and, finally, that a reasonable sum should be awarded *345 for Carol Autry for whom initially $7,-'000.00 was demanded.
At the close of the trial the judge commented at length upon the evidence presented. We have read with considerable interest his analysis of the contentions presented by counsel and his findings. After a careful study of the record we have reached the same conclusions.
As to Mrs. Autry’s disabilities, certain facts were recognized by the court: First, that Mrs. Autry prior to the accident was not a well woman and this fact was substantiated by the records of the Confederate Memorial Medical Center and the testimony of Dr. James H. Eddy, Jr. It was therein disclosed that Mrs. Autry was an anxiety-neurotic, which condition sometimes accompanies pregnancy. It is to be recalled that at the time of the accident with which we are presently concerned, Mrs. Autry was pregnant.
Undoubtedly due to such condition, Mrs. Autry grossly exaggerated the manner in which she was hurt and the injuries she sustained in the accident. Her statements seemingly influenced the opinions of some of the doctors whom she visited for diagnosis and treatment. The evidence shows beyond any reasonable doubt that the collision was a minor one. Damage to the two automobiles involved was inconsequential and the occupants of the cab were not greatly disturbed by the impact. Immediately following the impact Mr. and Mrs. Autry said they were not hurt.
On the night of the accident, April 22, 1960, Mrs. Autry was admitted to the Schumpert Sanitarium where she received a thorough physical examination from Dr. E. B. Robinson. Her specific complaints related to chest and throat pains. There appeared to be several scratches on her throat and a small bruise below the right knee. No other objective findings were noted. The doctor found no tenderness and upon finding the physical and clinical examinations negative he directed the patient to return to her home. On May 10, and June 27, 1960, Mrs. Autry received examinations from Dr. Isaac F. Hawkins, whose findings were that the patient was pregnant and suffering from traumatic neurosis. Also the doctor found a condition of chronic cystic cervicitis or an infection of the cervix, which condition, he stated, may cause headaches. He expressed the opinion that there was no indication of cervical injury and except as above mentioned the physical condition of the patient was normal. Later on December 30, 1960, Mrs. Autry received an orthopedic examination from Dr. T. A. Norris, whose findings were negative although somewhat indefinite in view of some of Mrs. Autry’s complaints. Dr. Philip Bonn, a specialist in the field of neurosurgery, made an examination of Mrs. Autry for the first time on January 11, 1961, and subsequently saw her professionally on numerous occasions. Dr. Bonn testified that Mrs. Autry informed him that “she was in the back seat of a cab on Fairfield when it collided with another car; that she was thrown from the back of the front seat and her head and neck became entangled in the steering wheel; and that she was dazed for approximately five minutes, and fifteen minutes later started vomiting. * * * ” Following Mrs. Autry’s first visit to Dr. Bonn on January 11, 1961, she continued to consult with him and to complain of headaches and nervous conditions. As a result of these the doctor’s impressions were that his patient was suffering from bilateral occipital neuralgia precipitated by the trauma of the accident. For relief an operation was performed during which the scalp was entered in order to “pick up the artery and the two nerves as they come across the faschia to the occipital musculature and disrupt it.” He explained that actually a piece of the nerve about one inch long was removed. At the time of the trial the entire parietal occipital area, from her ear back to the connection of her neck to her head was subject to numbness, and although plaintiff’s headaches had abated for a while following the operation, she was still complaining of headaches.
*346 Although, it is true that Dr. Bonn testified he thought there was a. causal relation between the headaches complained of by-Mrs. Autry and the accident which she sustained eight months prior to his first examination, manifestly, this inference was prompted by the account of the accident as related to him. It is not unlikely that the headaches of which Mrs. Autry complained were caused by her unwell condition prior to the accident.
The trial court found no causal connection between the conditions as testified to by Dr. Bonn and disallowed plaintiff’s claims for medical expenses resulting therefrom. We also find the condition of occipital neuralgia was unrelated to the accident of April 22, 1960.
In our opinion the award of $1,500.-00 to Mrs. Autry does not reflect an abuse of discretion by the trial judge in fixing the amount of quantum, and therefore, we approve the award as made.
Following the award of $280.30 for medical expenses, an application for a new trial was filed wherein Autry charged error in that an award of $430.30 should have been made. Before this court counsel claims the award should now be increased to $615.30. However, by deducting the bill of Dr. Bonn amounting to $242.00 and the bill of the Confederate Memorial Medical Center, which was disallowed, the amount as awarded by the trial court appears to be correct and we approve of the finding so made.
The claim made on behalf of Carol Autry was unsubstantiated. The child was born with a congenital defect, but Dr. H. B. Levy testified there was no causal connection between the condition of the baby and the trauma sustained by Mrs. Autry.
Finding no error in the judgment from which plaintiffs have appealed, it is accordingly affirmed at appellants’ costs.